FILED
CLERK, U.S. DISTRICT COURT

JAN - 7 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

1
2
3
4
5
6
7
8   UNITED STATES DISTRICT COURT
9   CENTRAL DISTRICT OF CALIFORNIA
10   WESTERN DIVISION
11
12   ANDREW GAZZENY,                      )   Case No. CV 08-08630 GAF (AN)
13          Petitioner,                   )   **ORDER TO SHOW CAUSE RE**
                                          )   **DISMISSAL OF PETITION FOR**
14          v.                            )   **WRIT OF HABEAS CORPUS BY A**
                                          )   **PERSON IN STATE CUSTODY AS**
15   JAMES A. YATES, WARDEN,              )   **TIME-BARRED**
                                          )
16          Respondent.                   )
                                          )
17   _____ )
18
19                      **I. BACKGROUND**
20          Before the Court is a petition for a writ of habeas corpus ("Petition") brought
21   by Andrew Gazzeny ("Petitioner"), a state prisoner proceeding *pro se*. The Petition
22   is brought pursuant to 28 U.S.C. § 2254 and it raises thirteen claims directed at
23   Petitioner's 2001 conviction for second degree murder using a knife that he sustained
24   following a jury trial in the California Superior Court for the County of Los Angeles.
25   For the reasons set forth below, Petitioner is ordered to show cause why his Petition
26   should not be dismissed with prejudice because it is time-barred.
27   ///
28   ///

# II. DISCUSSION

## A.    Standard of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, states that "the judge to whom [the petition] is assigned" is required to examine the petition promptly and "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the petitioner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

## B.    Statute of Limitations

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court, because the Petition was filed after April 24, 1996, AEDPA's enactment date. 28 U.S.C. § 2244(d)(1); *see Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997). In most cases, the limitation period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

As discussed above, the face of the Petition, attached exhibits, and relevant state

1    court records[1] show Petitioner sustained his underlying conviction for second degree
2    murder with the personal use of a dangerous weapon on August 3, 2001. (Pet. 2; Case
3    No. BA201518. On direct review, Petitioner filed a timely appeal with the California
4    Court of Appeal that affirmed the judgment and sentence on August 26, 2002. (Pet.
5    2-3; Case No. B152864; Official records of California courts.) Petitioner did not file
6    a petition for review with the California Supreme Court. (*Id.*) Therefore, for purposes
7    of AEDPA's limitation period, his judgment became final on October 5, 2002, the
8    fortieth day after his petition for review was denied by the intermediate appellate court
9    and the date his time for filing a petition for review with the California Supreme Court
10   expired. Cal. R. Ct. 8.264(b)(1); 8.500(e)(1); *Smith v. Duncan*, 297 F.3d 809, 812-13
11   (9th Cir. 2002); *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001). The
12   limitation period then started to run the next day, October 6, 2002, and ended a year
13   later on October 6, 2003.[2] 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*,
14   251 F.3d 1243, 1245-47 (9th Cir. 2001) (the limitations period begins to run on the
15   day after the triggering event pursuant to Fed. R. Civ. P. 6(a)).

16        Petitioner missed the deadline because he did not constructively file the pending
17   Petition until November 23, 2008[3] -- 1,875 days (over five years) after the statute

18

19       [1]   The Court takes judicial notice of Petitioner's records in the state appellate
20   courts, which are available on the Internet at http://appellatecases.courtinfo.ca.gov.
21   *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take
     judicial notice of relevant state court records in federal habeas proceedings).
22

23       [2]   The 365th day fell on Sunday, October 5, 2003. *See* Fed. R. Civ. P. 6(a)(3).

24       [3]   Pursuant to the "mailbox rule," a *pro se* prisoner's habeas petition is
25   deemed to be filed on the date the prisoner delivers the petition to prison authorities
     for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379
26   (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001). The mailbox rule also
27   applies to *pro se* state habeas petitions. *Stillman v. Lamarque*, 319 F.3d 1199, 1201
     (9th Cir. 2003). The pending Petition was filed by the Clerk on December 31, 2008,
28                                                         (continued...)

1    expired. Therefore, the pending Petition is time-barred unless Petitioner is entitled to

2    statutory or equitable tolling, or an alternate start date to AEDPA's statute of

3    limitations period under 28 U.S.C. § 2244(d)(1).

4    **C.    Statutory Tolling**

5        **1.    State Habeas Petitions**

6        AEDPA provides a statutory tolling provision that suspends the limitation

7    period for the time during which a "properly-filed" application for post-conviction or

8    other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Bonner v.*

9    *Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). An application is "pending" until it has

10    achieved final resolution through the state's post-conviction procedures. *Carey v.*

11    *Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002). The limitation period is not tolled

12    between the time a final decision is issued on direct state appeal and the time a state

13    collateral challenge is filed because there is no case "pending" during that interval.

14    *Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007); *Nino v. Galaza*, 183 F.3d 1003,

15    1006 (9th Cir. 1999).

16        On November 22, 2002 -- 47 days after the one-year limitation period started

17    to run on October 6, 2002 -- Petitioner file his first state habeas petition with the

18    California Supreme Court and, on July 9, 2003, the petition was denied, leaving 318

19    days remaining before the limitation period expired. Under AEDPA, Petitioner is not

20    entitled to statutory tolling for this 318-day period because there was no case

21    "pending" during this interval. *See Thorson*, 479 F.3d at 646; *Nino*, 183 F.3d at 1006.

22        Petitioner is entitled to statutory tolling from November 22, 2002, to July 9,

23    2003, the period during which his first state habeas petition was pending and later

24    denied in the state high court. 28 U.S.C. § 2244(d)(2); *Bonner*, 425 F.3d at 1148.

25

26       ³/    (...continued)

27    however, for purpose of the timeliness analysis, the Court gives Petitioner the benefit
of the doubt by assuming he constructively filed the Petition on November 23, 2008,

28    the date he signed it. (Pet. 8.)

(Pet. 4; Case No. S111672; Official records of California courts.)  Statutory tolling for this time extended the limitation period from October 6, 2003, to May 21, 2004.  28 U.S.C. § 2244(d)(2); *Bonner*, 425 F.3d at 1148.

Petitioner then waited until July 15, 2004 -- another 372 days after his first habeas petition was denied by the state high court -- to file his second habeas petition in the lower trial court. (Pet. 4; Case No. BA201518; Official records of California courts.)  Under AEDPA, Petitioner is not entitled to statutory tolling during this interval because he was not proceeding to the next higher level of review. *Saffold*, 536 U.S. at 221; *Evans*, 546 U.S. at 192; *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003) (In order for a petitioner to toll the interval between two state applications for post-conviction relief, he normally must have "worked his way up the ladder" of state courts.)  Here, Petitioner moved to a lower court after the state's highest court dismissed his claims on July 9, 2003, thereby precluding tolling.  (Pet. 4; Official records of California courts).

Thus, Petitioner is not entitled to statutory tolling for his remaining second through fourth state habeas petitions because those petitions were filed after the extended statute of the limitation period expired on May 21, 2004, and have no tolling consequence.[4]  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2254 does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (stating that filing of state petition after AEDPA's one-year time period has elapsed bars federal habeas review); *Webster v. Moore*, 199 F.3d 1259 (11th Cir. 2000) ("A state-court petition [] that is filed following the expiration of the limitations period

---

[4]  *See Gazzeny v. The People, et al.*, No. BA201518, Cal. Super. Ct. (filed July 15, 2004, denied Aug. 6, 2004); *Gazzeny v. The People, et. al.*, No. B178970, Cal. App. Ct., 2nd Dist./Div. 3 (filed Nov. 5, 2004, denied Nov. 24, 2004); *Gazzeny (Andrew) on H.C.*, No. S160392, Cal. Supreme Ct. (filed Jan. 28, 2008, denied July 9, 2008).  (Pet. 4-5; Official records of California courts.)

1   cannot toll that period because there is no period remaining to be tolled").

2        Accordingly, the face of the Petition and relevant state court records establish

3   that this Petition, constructively filed on November 23, 2008, is untimely by 1,647

4   days (the amount of untolled time between the new limitation deadline (05/21/04) and

5   the Petition's filing date (11/23/08)).

6       **2.    2004 Federal Proceedings**[5]

7        On July 21, 2004, Petitioner filed a document that was liberally construed as a

8   federal habeas petition ("2004 Petition"). (No. CV 04-05941 GAF (AN), Docket No.

9   1.) On December 9, 2004, the Court issued a Minute Order summarily dismissing the

10   action without prejudice to Petitioner filing a proper federal habeas petition because

11   the voluminous, disorganized petition failed to raise any discernable claims. (Docket

12   No. 3.) Accordingly, the Magistrate Judge issued an order granting Petitioner leave

13   to cure the defects by filing a first amended petition ("FAP"). On January 21, 2005,

14   in lieu of filing a FAP, Petitioner filed a Notice of Voluntary Dismissal, and

15   consequently, on January 25, 2005, the 2004 Petition was dismissed without prejudice.

16   (Docket No. 5.)

17        Petitioner's 2004 Petition has no bearing on the Court's timeliness analysis. By

18   AEDPA's express terms under § 2244(d)(2), the one-year limitation period is only

19   tolled during the pendency of "a properly filed application for *State* post-conviction

20   or other collateral review."  28 U.S.C. § 2244(d)(2) (emphasis added).  Section

21   2244(d)(2) does not toll the limitation period while a *federal* habeas petition is

22   pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Further, the pending action

23   cannot "relate back" to the 2004 Petition because that action was dismissed. *See*

24   *Rasberry v. Garcia*, 448 F.3d 1150, 1155 (9th Cir. 2006) ("a habeas petition filed after

25   the district court dismisses a previous petition without prejudice for failure to exhaust

26   state remedies cannot relate back to the original habeas petition"); *Dils v. Small*, 260

27

28       [5]   The Court takes judicial notice of its own records. Fed. R. Evid. 201.

1  F.3d 984, 986 (9th Cir. 2001).  Moreover, Petitioner does not qualify for the very
2  narrow exception to this "relation back" rule because the 2004 Petition was *properly*
3  dismissed.  Even if the current Petition *could* relate back to the 2004 Petition, the
4  Petition is still time-barred because the 2004 Petition was filed after the extended
5  statute of limitations period had already expired.

6  **D.**    **Alternative Start of the Statute of Limitations**

7        **1.**    **State-Created Impediment**

8       In rare instances, AEDPA provides that its one-year limitation period shall run
9  from "the date on which the impediment to filing an application created by State action
10  in violation of the Constitution or laws of the United States is removed, if the
11  applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B).
12  Asserting that the statute of limitations was delayed by a state-created impediment
13  requires a showing of a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th
14  Cir. 2002).  The face of the Petition and exhibits do not set forth any facts showing
15  that Petitioner is entitled to relief under this provision.

16        **2.**    **Newly Recognized Constitutional Right**

17       AEDPA provides that, if a claim is based upon a constitutional right that is
18  newly recognized and applied retroactively to habeas cases by the United States
19  Supreme Court, the one-year limitation period begins to run on the date which the new
20  right was initially recognized by the United States Supreme Court.  28 U.S.C. §
21  2244(d)(1)(C). The face of the Petition and exhibits do not set forth any facts showing
22  that Petitioner is entitled to relief under this provision.

23        **3.**    **Discovery of Factual Predicate**

24       AEDPA also provides that, in certain cases, its one-year limitation period shall
25  run from "the date on which the factual predicate of the claim or claims presented
26  could have been discovered through the exercise of due diligence." 28 U.S.C. §
27  2244(d)(1)(D). The face of the Petition and exhibits do not set forth any facts showing
28  that Petitioner is entitled to relief based upon a late discovery of the factual predicate.

**E.    Equitable Tolling**

As a prefatory matter, the Court observes there is no clearly established federal law that expressly holds equitable tolling is available under § 2244(d)(1), and the Supreme Court has recently acknowledged this point. *Lawrence v. Florida*, 549 U.S. 327, 127 S. Ct. 1079, 1085 (2007) ("We have not decided whether § 2244(d) allows for equitable tolling. [ ]  Because the parties agree that equitable tolling is available, we assume without deciding that it is").

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. Diguglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005).  A petitioner bears the burden of alleging facts that would give rise to tolling. *Id.*; *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).  The Ninth Circuit has emphasized that determinations of "whether there are grounds for equitable tolling are highly fact-dependent." *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc). "[E]quitable tolling is justified in few cases," and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

By way of his Memorandum, attached as Exhibit 1 to the Petition, Petitioner principally alleges he should be entitled to equitable tolling for "any significant delay 'with reasons'" or "any limits or any untimeliness" because of his lack of legal training, legal representation, or education.  (Pet. Ex. 1 at 1a - 1d.)  Specifically, Petitioner asserts he has no "legal understanding" and "after Petitioner made several futile attempts to file the petition himself," a fellow inmate helped him file his habeas petitions beginning on December 1, 2007.  (Pet. Ex. 1 at 1b:4-8.)  Petitioner's contentions are unpersuasive.

At the outset, the allegations are, at best, conclusory and vague.  *See Lott v. Mueller*, 304 F.3d 918, 923 (9th Cir. 2002) (observing that equitable tolling determinations "turn[ ] on an examination of detailed facts"); *see also Spitsyn*, 345

1  F.3d at 799 ("[d]etermining whether equitable tolling is warranted is a 'fact-specific

2  inquiry.'") (*citing Frye*, 273 F.3d at 1146). Petitioner has failed to meet his burden of

3  showing he was reasonably diligent in pursuing federal habeas relief throughout the

4  time that AEDPA's limitation period was running. Indeed, by undisputedly filing not

5  one but three state habeas petitions during the relevant period when he allegedly had

6  no legal assistance from his fellow inmate, Petitioner's own actions demonstrate his

7  ignorance of the law and lack of legal representation are specious on its face. By

8  filing three habeas petitions before 2007, when he finally elicited the assistance of his

9  fellow inmate, Petitioner has demonstrated his purported lack of "legal understanding"

10 and legal representation never hampered his more important access to the courts. And

11 regardless of *how* Petitioner managed to file three state habeas petitions during this

12 period, the fact is he *did* accomplish these things. In short, Petitioner's own conduct

13 demonstrates he was not prevented from filing his Petition with this Court in a timely

14 manner. In any event, as the ensuing analysis demonstrates, Petitioner's asserted

15 grounds fail to satisfy the *Pace* elements for equitable tolling.

16       In the Ninth Circuit, it is well-settled that neither the lack of assistance nor

17 ignorance of the law qualify as extraordinary circumstances warranting equitable

18 tolling. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se

19 petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance

20 warranting equitable tolling" of AEDPA's limitation period); *Ekenberg v. Lewis*, No.

21 C 98-1450 FMS (PR), 1999 WL 13720, *2 (N.D. Cal. Jan. 12, 1999) ("Ignorance of

22 the law and lack of legal assistance do not constitute such extraordinary

23 circumstances."); *Bolds v. Newland*, No. C 97-2103 VRW (PR), 1997 WL 732529, *2

24 (N.D. Cal. Nov. 12, 1997) (same); *see also Hinton v. Pac. Enter.*, 5 F.3d 391, 396-97

25 (9th Cir. 1993) (mere ignorance of the law generally is an insufficient basis to

26 equitably toll the running of an applicable statute of limitations); *Barrow v. New*

27 *Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) (neither "lack of knowledge of

28 applicable filing deadlines," nor "unfamiliarity with the legal process," nor "lack of

1    representation during the applicable filing period," nor "illiteracy," provides a basis
2    for equitable tolling); *cf. Hughes v. Idaho State Bd. of Corr.*, 800 F.2d 905, 909 (9th
3    Cir. 1986) (holding pre-AEDPA that illiteracy of *pro se* prisoner is insufficient to meet
4    standard of an objective, external factor amounting to "cause" for purposes of
5    avoiding procedural bar on habeas claims).    Here, Petitioner's conclusory and
6    ambiguous contentions are insufficient to warrant equitable tolling. *See Allen v.*
7    *Lewis*, 255 F.3d 798, 800-01 (9th Cir. 2001) ("at the very least, the prisoner must show
8    that the 'extraordinary circumstances' were the but-for and proximate cause of his
9    untimeliness").

10         Accordingly, the Court finds Petitioner is not entitled to equitable tolling
11   because he has failed to satisfy either of the *Pace* elements.

12

13                               **O R D E R**

14        Based upon the foregoing, the Court finds the Petition and relevant state court
15   records indicate it is untimely.  Accordingly, Petitioner shall have until **January 21,**
16   **2009**, to file a written response and show cause why his Petition should not be
17   dismissed with prejudice because it is time-barred.  In responding to this Order,
18   Petitioner must show by declaration and any exhibits what, if any, factual or legal
19   basis he has for claiming that the Court's foregoing analysis is factually or legally
20   incorrect, or that AEDPA's one-year statute of limitations should be tolled, or the start
21   date extended.  If Petitioner contends he is entitled to tolling because of a lack of
22   access to the prison law library due to a purported lockdown or some other state-
23   created impediment, his written response must be supported by a declaration from the
24   warden or prison librarian verifying that the law library and library materials were
25   unavailable throughout the relevant time period because of the lockdown or other
26   stated reason.  Further, Petitioner must demonstrate that, during the time that access
27   to the prison law library was allegedly unavailable, he made requests for legal
28   materials to be brought to his cell and those requests were denied.

1        **Petitioner is warned that if a timely response to this Order is not made,**
2    **Petitioner will waive his right to do so and the Court will, without further notice,**
3    **issue an order dismissing the Petition, with prejudice, as time-barred.  Further,**
4    **if Petitioner determines the Court's above analysis is correct and the Petition is**
5    **clearly time-barred, he should file a Request For Voluntary Dismissal of this**
6    **action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response to this Order.**
7
8        IT IS SO ORDERED.
9
10   DATED: January 7, 2009
11                   ARTHUR NAKAZATO
                 UNITED STATES MAGISTRATE JUDGE

Page 11