FILED
CLERK, U.S. DISTRICT COURT

FEB - 4 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    CENTRAL DISTRICT OF CALIFORNIA
10                          WESTERN DIVISION
11
12   ANDREW GAZZENY,                )   Case No. CV 08-08630 GAF (AN)
                                    )
13              Petitioner,         )   **MEMORANDUM AND ORDER**
                                    )   **DISMISSING HABEAS PETITION**
14        v.                        )   **AS TIME-BARRED**
                                    )
15   JAMES A. YATES, WARDEN,        )
                                    )
16              Respondent.         )
                                    )
17   _____)
18
19        Before the Court is a petition for a writ of habeas corpus ("Petition") brought
20   pursuant to 28 U.S.C. § 2254 by Andrew Gazzeny ("Petitioner"), a state prisoner
21   proceeding *pro se.* For the reasons discussed below, the Petition is dismissed with
22   prejudice because the Court finds it is time-barred.
23   ///
24   ///
25   ///
26
27
28

# I. BACKGROUND

The Petition raises thirteen claims for relief directed at Petitioner's state custody arising from a 2001 conviction for second degree murder using a knife that Petitioner sustained following a jury trial in the California Superior Court for the County of Los Angeles (case no. BA201518).  (Pet. at 2.)

The Petition, attached exhibits, and relevant state court records[1] show Petitioner filed a timely appeal with the California Court of Appeal (case no. B152864) that affirmed the judgment and sentence on August 26, 2002.  (Pet. at 2-3; Official records of California courts.)  Petitioner did not file a petition for review with the California Supreme Court.  (*Id.*)  Subsequently, Petitioner sought collateral relief in the superior court and state appellate courts.[2]  (Pet. at 4-5; Official records of California courts.)

On November 23, 2008, Petitioner constructively filed the pending Petition.[3]

---

[1]    The Court takes judicial notice of Petitioner's records in the state appellate courts, which are available on the Internet at http://appellatecases.courtinfo.ca.gov. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

[2]    *See Gazzeny (Andrew) on H.C.*, No. S111672, Cal. Sup. Ct. (filed Nov. 22, 2002, denied July 9, 2003); *Gazzeny v. The People, et al.*, No. BA201518, Cal. Super. Ct. (filed July 15, 2004, denied Aug. 6, 2004); *Gazzeny v. The People, et. al.*, No. B178970, Cal. App. Ct., 2nd Dist./Div. 3 (filed Nov. 5, 2004, denied Nov. 24, 2004); *Gazzeny (Andrew) on H.C.*, No. S160392, Cal. Sup. Ct. (filed Jan. 28, 2008, denied July 9, 2008).  (Pet. at 4-5; Official records of California courts.)

[3]    Pursuant to the "mailbox rule," a *pro se* prisoner's habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk.  *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001).  The mailbox rule also applies to *pro se* state habeas petitions.  *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003).  The pending Petition was filed by the Clerk on December 31, 2008, however, for purposes of the timeliness analysis, the Court gives Petitioner the benefit of the doubt by assuming he constructively filed the Petition on November 23, 2008,
(continued...)

1   (Pet. at 8.)  Pursuant to the Court's duty to screen § 2254 petitions, the Magistrate

2   Judge found the Petition and relevant state court records plainly disclosed this action

3   was barred by the one-year statute of limitations of the Anti-Terrorism and Effective

4   Death Penalty Act of 1996 ("AEDPA").  28 U.S.C. §2244(d)(1)(A).  Accordingly, on

5   January 7, 2009, the Magistrate Judge issued an order to show cause that notified

6   Petitioner the action appeared to be time-barred absent some basis for tolling or an

7   alternative start to AEDPA's one-year limitation period under 28 U.S.C. §

8   2244(d)(1)(B)-(D). (*See* 1/7/09 Order to Show Cause Re Dismissal of Habeas Petition

9   As Time-barred ("OSC"), dkt. #4.)  The OSC discussed the various bases for tolling

10   and directed Petitioner to show cause why the action was not time-barred by filing a

11   written response no later than January 21, 2009.  (OSC at 4-10.)  The OSC warned

12   Petitioner that his failure to file a timely response to the OSC would result in a waiver

13   of his right to respond to the OSC, and that his Petition would be dismissed with

14   prejudice as time-barred without further notice.  (OSC at 11:1-6.)  On January 16,

15   2009, Petitioner constructively filed a response to the OSC.  The matter now stands

16   submitted.

17

18   **II. DISCUSSION**

19   **A.     Standard of Review**

20          Rule 4 of the Rules Governing Section 2254 Cases in the United States District

21   Courts, 28 U.S.C. foll. § 2254, states that "the judge to whom [the petition] is

22   assigned" is required to examine the petition promptly and "[i]f it plainly appears from

23   the face of the petition and any exhibits annexed to it that the petitioner is not entitled

24   to relief in the district court, the judge shall make an order for its summary dismissal

25   and cause the petitioner to be notified."  Local Rule 72-3.2 of this Court also provides

26   _____

27          [3/]   (...continued)

28   the date he signed it.  (Pet. at 8.)

1  "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus,

2  and if it plainly appears from the face of the petition and any exhibits annexed to it

3  that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed

4  order for summary dismissal and submit it and a proposed judgment to the District

5  Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed

6  *sua sponte*, however, the district court must give the petitioner adequate notice and an

7  opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10,

8  126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

9  **B.    Statute of Limitation**

10      The Petition is governed by AEDPA, which establishes a one-year statute of

11  limitation for state prisoners to file a habeas petition in federal court, because the

12  Petition was filed after April 24, 1996, AEDPA's enactment date. 28 U.S.C. §

13  2244(d)(1); *see Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997). In

14  most cases, the limitation period begins to run from "the date on which the judgment

15  became final by conclusion of direct review or the expiration of the time for seeking

16  such review." 28 U.S.C. § 2244(d)(1)(A).

17      As discussed above, Petitioner did not file a petition for review with the

18  California Supreme Court. Therefore, for purposes of AEDPA's limitation period, his

19  judgment became final on October 5, 2002, the fortieth day after his petition for

20  review was denied by the intermediate appellate court and the date his time for filing

21  a petition for review with the California Supreme Court expired. Cal. R. Ct.

22  8.264(b)(1); 8.500(e)(1); *Smith*, 297 F.3d at 812-13; *Wixom v. Washington*, 264 F.3d

23  894, 897 (9th Cir. 2001). The limitation period then started to run the next day,

24  October 6, 2002, and ended a year later on October 6, 2003.[4/]  28 U.S.C. §

25  2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001)

26  (the limitations period begins to run on the day after the triggering event pursuant to

27  _____

28      [4/]   The 365th day fell on Sunday, October 5, 2003. *See* Fed. R. Civ. P. 6(a)(3).

Page 4

1   Fed. R. Civ. P. 6(a)).

2        Petitioner missed the deadline because he did not constructively file the pending

3   Petition until November 23, 2008 -- 1,875 days (over five years) after the statute

4   expired.  Therefore, the pending Petition is time-barred unless Petitioner is entitled to

5   statutory or equitable tolling, or an alternate start date to AEDPA's statute of

6   limitations period under 28 U.S.C. § 2244(d)(1).

7   **C.    Statutory Tolling**

8        **1.    State Habeas Petitions**

9        AEDPA provides a statutory tolling provision that suspends the limitation

10   period for the time during which a "properly-filed" application for post-conviction or

11   other collateral review is "pending" in state court.  28 U.S.C. § 2244(d)(2); *Waldrip*

12   *v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th

13   Cir. 2005).  In the absence of undue delay, an application for post-conviction review

14   is pending while a California petitioner completes "one full round" of collateral review

15   in state court free of federal interference.  *Carey v. Saffold*, 536 U.S. 214, 220-22, 122

16   S. Ct. 2134 (2002); *Welch v. Carey*, 350 F.3d 1079, 1082 (9th Cir. 2003); *Delhomme*

17   *v. Ramirez*, 340 F.3d 817, 819 (9th Cir. 2003).  The time an application is pending

18   during this round, when reasonable, includes the "intervals between a lower court

19   decision and a filing of a new petition in a higher court."  *Saffold*, 536 U.S. at 221,

20   223; *Evans v. Chavis*, 546 U.S. 189, 192, 126 S. Ct. 846 (2006) (*citing Saffold*).

21   Further, the limitation period is not tolled between the time a final decision is issued

22   on direct state appeal and the time a state collateral challenge is filed because there is

23   no case "pending" during that interval.  *Thorson v. Palmer*, 479 F.3d 643, 646 (9th

24   Cir. 2007); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

25        On November 22, 2002 -- 47 days after the one-year limitation period started

26   to run on October 6, 2002 -- Petitioner filed his first state habeas petition with the

27   California Supreme Court that was denied on July 9, 2003, thereby leaving 318 days

28   before the expiration of the limitation period.  Petitioner is not entitled to statutory

1    tolling for this 318-day period because there was no case "pending" during this
2    interval. *See Thorson*, 479 F.3d at 646; *Nino*, 183 F.3d at 1006.

3         Petitioner is entitled to statutory tolling from November 22, 2002, to July 9,
4    2003, the 229-day period during which his first state habeas petition was pending and
5    later denied in the state high court (case no. S111672). (Pet. at 4; Official records of
6    California courts.) 28 U.S.C. § 2244(d)(2); *Bonner*, 425 F.3d at 1148. Petitioner then
7    filed three additional state habeas petitions. (*See, supra* n.2.) He is not entitled to
8    statutory tolling for the periods during which these petitions were pending because
9    they were filed after the California Supreme Court's denial of his habeas petition
10   became final, and, therefore, constitute subsequent rounds of review. *Saffold*, 536
11   U.S. at 220, 223; *see also Delhomme*, 340 F.3d at 820-21 ("A round of collateral
12   review may begin at any level or even skip levels . . . [but] is not complete . . . until
13   the California Supreme Court's denial of review is final"); *Welch v. Newland*, 267
14   F.3d 1013, 1017-18 (9th Cir. 2001) ("By definition, an original petition does not
15   require . . . that a petitioner pursue remedies at each level of review"). Here, Petitioner
16   completed his "one full round" of collateral review when he skipped the two lower
17   levels of review and filed directly with the state's highest court, thereby precluding
18   tolling for the subsequent three habeas petitions. *Id.*; *see also Biggs v. Duncan*, 339
19   F.3d 1045, 1048 (9th Cir. 2003) (In order for a petitioner to toll the interval between
20   two state applications for post-conviction relief, he normally must have "worked his
21   way up the ladder" of state courts. Further, a petitioner is not entitled to tolling during
22   the gap between the completion of one full round of state collateral review and the
23   commencement of another.)

24        Based upon the foregoing, the Court finds the Petition is time-barred.

25   **2.    2004 Federal Proceedings[5/]**

26        On July 21, 2004, Petitioner filed a document that was liberally construed as a
27
     _____

28        [5/]   The Court takes judicial notice of its own records. Fed. R. Evid. 201.

1   federal habeas petition ("2004 Petition").  (No. CV 04-05941 GAF (AN), Dkt. #1.)

2   On December 9, 2004, the Court issued a Minute Order ("Order") summarily

3   dismissing the action without prejudice to Petitioner filing a proper federal habeas

4   petition because the voluminous, disorganized petition failed to raise any discernable

5   claims.  (2004 Pet. Dkt. #3.)  Accordingly, the Magistrate Judge issued an order

6   granting Petitioner leave to cure the defects by filing a first amended petition ("FAP").

7   On January 21, 2005, in lieu of filing a FAP, Petitioner filed a Notice of Voluntary

8   Dismissal, and consequently, on January 25, 2005, the 2004 Petition was dismissed

9   without prejudice.  (2004 Pet. Dkt. #5.)

10          In response to the OSC, Petitioner principally contends the filing date for the

11   pending Petition should be deemed to relate back to July 21, 2004, the filing date of

12   his 2004 Petition because, after the 2004 Petition was dismissed without prejudice,

13   Petitioner's ignorance of the law and misinterpretation of the Court's Order caused

14   him to file a notice of voluntary dismissal on January 21, 2005.  (Response at 4-5.)

15   Petitioner's contentions are unpersuasive for several reasons.  At the outset,

16   Petitioner's claims are best construed as an argument for equitable tolling.  As further

17   discussed below with respect to equitable tolling, ignorance of the law is insufficient

18   to warrant tolling.  Second, Petitioner's 2004 Petition has no bearing on the Court's

19   timeliness analysis.  By AEDPA's express terms under § 2244(d)(2), the one-year

20   limitation period is only tolled during the pendency of "a properly filed application for

21   *State* post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2) (emphasis

22   added).  Section 2244(d)(2) does not toll the limitation period while a *federal* habeas

23   petition is pending.  *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

24          Finally, because the 2004 Petition was properly dismissed without prejudice due

25   to Petitioner's voluntary dismissal of his claims, Petitioner cannot use Fed. R. Civ. P.

26   15(c) to relate his pending Petition back to his previously dismissed 2004 Petition. *See*

27   *Rasberry v. Garcia*, 448 F.3d 1150, 1155 (9th Cir. 2006) ("a habeas petition filed after

28   the district court dismisses a previous petition without prejudice for failure to exhaust

1  state remedies cannot relate back to the original habeas petition"); *Dils v. Small*, 260
2  F.3d 984, 986 (9th Cir. 2001).  Moreover, Petitioner does not qualify for the very
3  narrow exception to this "relation back" rule because the 2004 Petition was *properly*
4  dismissed.  Even if the current Petition *could* relate back to the 2004 Petition, the
5  Petition is still time-barred because the 2004 Petition was filed after the statute of
6  limitations period had already expired.

7  **D.    Alternative Start of the Statute of Limitation**

8       **1.    State-Created Impediment**

9       In rare instances, AEDPA provides that its one-year limitation period shall run
10  from "the date on which the impediment to filing an application created by State action
11  in violation of the Constitution or laws of the United States is removed, if the
12  applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B).
13  Asserting that the statute of limitation was delayed by a state-created impediment
14  requires a showing of a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th
15  Cir. 2002).  Neither the Petition nor Petitioner's other filings in this case set forth any
16  facts that show relief is warranted under this provision.

17       **2.    Newly Recognized Constitutional Right**

18       AEDPA provides that, if a claim is based upon a constitutional right that is
19  newly recognized and applied retroactively to habeas cases by the United States
20  Supreme Court, then the one-year limitation period begins to run on the date which the
21  new right was initially recognized by the United States Supreme Court. 28 U.S.C. §
22  2244(d)(1)(C).  Neither the Petition nor Petitioner's other filings in this case set forth
23  any facts that show relief is warranted under this provision.

24       **3.    Discovery of Factual Predicate**

25       AEDPA also provides that, in certain cases, its one-year limitation period shall
26  run from "the date on which the factual predicate of the claim or claims presented
27  could have been discovered through the exercise of due diligence." 28 U.S.C. §
28  2244(d)(1)(D). The Petition and Petitioner's other filings in this case fail to establish

1    that Petitioner is entitled to relief based upon a late discovery of the factual predicate.

2    **E.    Equitable Tolling**

3            As a prefatory matter, the Court observes there is no clearly established federal

4    law that expressly holds equitable tolling is available under § 2244(d)(1), and the

5    Supreme Court has recently acknowledged this point. *Lawrence v. Florida*, 549 U.S.

6    327, 127 S. Ct. 1079, 1085 (2007) ("We have not decided whether § 2244(d) allows

7    for equitable tolling. [ ] Because the parties agree that equitable tolling is available,

8    we assume without deciding that it is").

9            "Generally, a litigant seeking equitable tolling bears the burden of establishing

10   two elements: (1) that he has been pursuing his rights diligently, and (2) that some

11   extraordinary circumstance stood in his way." *Pace v. Diguglielmo*, 544 U.S. 408,

12   418, 125 S. Ct. 1807 (2005). A petitioner bears the burden of alleging facts that would

13   give rise to tolling. *Id.*; *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). The

14   Ninth Circuit has emphasized determinations of "whether there are grounds for

15   equitable tolling are highly fact-dependent." *Whalem/Hunt v. Early*, 233 F.3d 1146,

16   1148 (9th Cir. 2000) (en banc). "[E]quitable tolling is justified in few cases," and "the

17   threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the

18   exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

19           The second *Pace* element requires the prisoner to show that "extraordinary

20   circumstances beyond [the] prisoner's control make it impossible to file a petition on

21   time." *Brambles v. Duncan*, 412 F.3d 1066, 1069 (9th Cir. 2005) (*quoting Miles v.*

22   *Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).) "[T]he prisoner must show that the

23   'extraordinary circumstances' were the but-for and proximate cause of his

24   untimeliness." *Allen v. Lewis*, 255 F.3d 798, 800-01 (9th Cir. 2001), *amended on*

25   *other grounds by Allen v. Lewis,* 295 F.3d 1046 (9th Cir. 2002) (en banc).

26   Extraordinary circumstances only exist when *wrongful* conduct makes it impossible

27   for the prisoner to make a timely filing and "[e]ach of the cases in which equitable

28   tolling has been applied have involved wrongful conduct, either by state officials or,

Page 9

occasionally, by the petitioner's counsel." *Shannon v. Newland*, 410 F.3d. 1083, 1090 (9th Cir. 2005).  A prisoner's illiteracy or ignorance of the law do not constitute extraordinary circumstances.  *See Hughes v. Idaho State Bd. of Corr.*, 800 F.2d 905, 909 (9th Cir. 1986) (illiteracy and legal ignorance do not constitute insufficient cause to avoid procedural bar).

In his Memorandum, attached as Exhibit 1 to the Petition and in his response to the OSC, Petitioner principally alleges he should be entitled to equitable tolling for "any significant delay 'with reasons'" or "any limits or any untimeliness" because of his lack of legal training, legal representation, or education. (Pet. Ex. 1 at 1a - 1d; Response at 4-5.)  Specifically, Petitioner asserts he has no "legal understanding" and "after Petitioner made several futile attempts to file the petition himself," a fellow inmate helped him file his habeas petitions beginning on December 1, 2007. (Pet. Ex. 1 at 1b:4-8.)  Petitioner's contentions are unpersuasive.  As the ensuing analysis demonstrates, Petitioner is not entitled to equitable tolling because none of these proffered reasons satisfy *Pace*.

At the outset, the allegations are, at best, conclusory and vague.  *See Lott v. Mueller*, 304 F.3d 918, 923 (9th Cir. 2002) (observing that equitable tolling determinations "turn[ ] on an examination of detailed facts"); *see also Spitsyn*, 345 F.3d at 799 ("[d]etermining whether equitable tolling is warranted is a 'fact-specific inquiry.'") (*citing Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001).)  Petitioner has failed to meet his burden of showing he was reasonably diligent in pursuing federal habeas relief throughout the time that AEDPA's limitation period was running.  Indeed, by undisputedly filing not one but three state habeas petitions during the relevant period when he allegedly had no legal assistance from his fellow inmate, Petitioner's own actions demonstrate his claims of ignorance of the law and lack of legal representation are specious on their face.  By filing three habeas petitions before 2007, when he finally elicited the assistance of his fellow inmate, Petitioner has demonstrated his purported lack of "legal understanding" and legal representation

1   never hampered his more important access to the courts.

2   Moreover, after learning that the state high court had denied his state habeas

3   petition on July 9, 2003, Petitioner waited over one year to file his second habeas

4   petition in the lower superior court on July 15, 2004. Indeed, all he had to do was

5   copy or duplicate the insufficient evidence, evidentiary error, ineffective assistance of

6   counsel, prosecutorial misconduct, and trial court error claims into the superior court's

7   petition form along with the other relevant information and deliver it to prison

8   authorities for mailing to the clerk of the court. A diligent petitioner would not have

9   waited over one year to pursue further appeal. Rather, a diligent petitioner would have

10  anticipated that additional collateral review may be required and have his state habeas

11  petitions completed and ready to file immediately after receiving the state high court's

12  order denying the first state habeas petition. Petitioner's failure to explain that it was

13  impossible for him to file his pending Petition during this time period shows he is not

14  entitled to equitable tolling. In short, Petitioner's own conduct demonstrates he was

15  not prevented from filing his Petition with this Court in a timely manner.

16  The Court further finds that neither the lack of assistance, education, or

17  ignorance of the law qualify as extraordinary circumstances warranting equitable

18  tolling. *See, e.g., Rasberry*, 448 F.3d at 1154 ("a pro se petitioner's lack of legal

19  sophistication is not, by itself, an extraordinary circumstance warranting equitable

20  tolling" of AEDPA's limitation period); *Romeo v. Alameida*, No. C02-2263 VRW

21  (PR), 2003 WL 21714024, *4 (N.D. Cal. July 16, 2003); *Ekenberg v. Lewis*, No. C 98-

22  1450 FMS (PR), 1999 WL 13720, *2 (N.D. Cal. Jan. 12, 1999) ("Ignorance of the law

23  and lack of legal assistance do not constitute such extraordinary circumstances.");

24  *Bolds v. Newland*, No. C 97-2103 VRW (PR), 1997 WL 732529, *2 (N.D. Cal. Nov.

25  12, 1997) (same); *see also Hinton v. Pac. Enter.*, 5 F.3d 391, 396-97 (9th Cir. 1993)

26  (mere ignorance of the law generally is an insufficient basis to equitably toll the

27  running of an applicable statute of limitations); *Barrow v. New Orleans S.S. Ass'n*, 932

28  F.2d 473, 478 (5th Cir. 1991) (neither "lack of knowledge of applicable filing

Page 11

1  deadlines," nor "unfamiliarity with the legal process," nor "lack of representation

2  during the applicable filing period," nor "illiteracy," provides a basis for equitable

3  tolling); *cf. Hughes*, 800 F.2d at 909 (holding pre-AEDPA that illiteracy of *pro se*

4  prisoner is insufficient to meet standard of an objective, external factor amounting to

5  "cause" for purposes of avoiding procedural bar on habeas claims).

6      To recap, Petitioner has failed to show his alleged lack of legal training,

7  representation, and/or education, made it *impossible* for him to file his Petition on

8  time. *Brambles*, 412 F.3d at 1069. Therefore, Petitioner is not entitled to equitable

9  tolling.

10      Accordingly, the pending Petition should be dismissed with prejudice because

11  it is time-barred.

12

13  **O R D E R**

14      The Court finds the Petition must be dismissed because it is time-barred for the

15  reasons stated above and in the Court's OSC. Further, by way of the OSC, the Court

16  finds Petitioner has already received notice and an opportunity to show cause why the

17  Petition should not be dismissed as time-barred. ACCORDINGLY, IT IS HEREBY

18  ORDERED THAT the reference to the Magistrate Judge is vacated and the Petition

19  is dismissed with prejudice. The Clerk is directed to enter judgment dismissing the

20  action with prejudice. Any and all pending motions are terminated.

21

22  DATED: February 3, 2009

23                          GARY A. FEESS
                    UNITED STATES DISTRICT JUDGE

24

25  Presented by:

26  /s/  ARTHUR NAKAZATO
          Arthur Nakazato

27  United States Magistrate Judge

28